UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
                                              :
LOVEPOP, INC.,                                :
                                              :
                  Plaintiff,                  :        Civil Action No. 1:17-cv-11017
                                              :
                  v.                          :
                                              :
PAPERPOPCARDS INC.                            :
                                              :
                  Defendant.                  :
-----------------------------------------------------------x
```

## COMPLAINT

Plaintiff LovePop, Inc. ("LovePop"), for its Complaint against PaperPopCards Inc.
("Paper Pop" or "Defendant"), alleges, on knowledge as to itself and otherwise on information
and belief, as follows:

### NATURE OF THE ACTION

1.      LovePop specializes in creating unique 3D pop-up greeting cards for multiple
purposes and occasions.  LovePop's cards are displayed and sold primarily online at LovePop's
website www.lovepopcards.com.  LovePop's website includes images of each of its cards,
together with videos displaying how each 3D card "pops-up" when opened.

2.      LovePop has learned that defendant Paper Pop has slavishly copied several of
LovePop's designs without LovePop's authorization, and is selling virtually identical or
substantially similar copies of LovePop's cards on Paper Pop's website www.paperpopcards.com
and in retail stores.  The cards which Paper Pop copied from LovePop are all original, copyright-

protected works of visual art that are registered exclusively to LovePop before the U.S.
Copyright Office.

3.      In addition to copying LovePop's card designs, Paper Pop has also copied the
videos associated with those designs and is displaying virtually identical or substantially similar
videos on Paper Pop's website.

4.      Paper Pop continues to copy, display, and distribute virtually identical or
substantially similar copies of LovePop's card designs and associated videos, despite having no
authorization from Plaintiff to do so and despite Plaintiff's demands that Defendant cease and
desist from such unlawful conduct, in direct violation of U.S. copyright laws.

5.      Moreover, Paper Pop has used LovePop's registered trademark LOVEPOP in a
URL for its web page and in online advertisements for its products, thereby trading on
LovePop's goodwill and diminishing the value of LovePop's trademark.

6.      LovePop brings this action against Paper Pop for infringement of LovePop's
registered copyrights in its card designs and associated videos, in violation of the Copyright Act
of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").  LovePop also asserts
claims against Paper Pop for infringement of LovePop's registered trademark under section
32(1) of the United States Trademark (Lanham) Act of 1946, as amended (the "Lanham Act"),
15 U.S.C. § 1114(1); trademark infringement, unfair competition, and false designation of origin
under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims under
Massachusetts statutory and common law.  LovePop seeks to recover damages for Paper Pop's
infringements and a permanent injunction to prevent Paper Pop from further unlawful copying,
infringement, and injury to LovePop in the future.

B4680436.4

## THE PARTIES

7.     LovePop is a Delaware corporation with its principal place of business located at 61 Chatham Street, Boston, Massachusetts 02109.

8.     On information and belief, Paper Pop is a New York corporation with its principal place of business located at 54 West 40th Street, New York, New York 10018.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Paper Pop because Paper Pop regularly conducts business in this District through the sale of Paper Pop cards in retail stores located throughout this District.  Paper Pop also regularly conducts business in this District through Paper Pop's interactive website www.paperpopcards.com.  Paper Pop's actions have caused injury to LovePop within this District.

10.     This action arises under the Copyright Act, the Lanham Act, and Massachusetts state law.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  In addition, because there is diversity of citizenship between the parties to this action and the matter in controversy exceeds $75,000, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to LovePop's claims occurred in this District.

## FACTS

Plaintiff's 3D Pop-Up Greeting Cards

12.     LovePop creates intricate and original 3D pop-up greeting cards by using a paper cutting art form called kirigami, together with advanced design software.  Each of LovePop's

3

cards, which are made from the highest quality paper, is finished by hand with superb detail and craftsmanship.

13.     LovePop offers more than 200 3D pop-up cards of varying designs for virtually every occasion, season and sentiment.  LovePop's cards are sold online through LovePop's website www.lovepopcards.com as well as in specialty card stores and at LovePop kiosks located in Boston and New York.

14.     Due to their unique, intricate and creative designs, LovePop's cards have garnered media coverage in such publications as *The Boston Globe*, *Forbes*, and *Boston Business Journal*, as well as on popular television shows like *Shark Tank*, *Good Morning America*, and *The View*. More than just ordinary greeting cards, LovePop's cards have been described in the press as "3D paper sculptures" and "works of art."

<u>Plaintiff's Copyrights</u>

15.     Among LovePop's unique and original 3D greeting cards are the following eight (8) cards bearing designs which LovePop has registered as visual art with the U.S. Copyright Office:

| **LovePop Card Name** | **LovePop Card Design** | **Copyright Registration No.** |
|---|---|---|
| Rose Bouquet | | VA0002005509 |
| Money Tree | | VA0002022213 |

B4680436.4

| LovePop Card Name | LovePop Card Design | Copyright Registration No. |
|---|---|---|
| French Flower Cart |  | VA0002005510 |
| Nativity |  | VA0002022900 |
| Santa Sleigh |  | VA0002022901 |
| Hanukkah Menorah |  | VA0002022899 |

5

| LovePop Card Name | LovePop Card Design | Copyright Registration No. |
|---|---|---|
| Willow Tree |  | VA0002007697 |
| Balloon Bouquet |  | VA0002005871 |

The designs depicted in the above-referenced cards are referred to collectively herein as the "Copyrighted Designs." (Attached hereto as Exhibit 1 are copies of the certificates of registration issued by the U.S. Copyright Office for the Copyrighted Designs.)

16.     Images of cards bearing the Copyrighted Designs can be viewed by the public on LovePop's website www.lovepopcards.com. (Attached hereto as Exhibit 2 are print-outs from LovePop's website displaying images of cards bearing the Copyrighted Designs.)

17.     LovePop has created original videos showing how the cards bearing its Copyrighted Designs unfold and "pop-up" when opened. The LovePop videos relevant herein are referred to collectively as the "Copyrighted Videos" and can be viewed by anyone at the following webpage links:

    a.  Plaintiff's Copyrighted Video showing the unfolding of its card bearing the Rose Bouquet Copyrighted Design can be viewed at

        www.lovepopcards.com/products/rose-bouquet-3d-pop-up-valentines-day-card.

6

b. Plaintiff's Copyrighted Video showing the unfolding of its card bearing the Money Tree Copyrighted Design can be viewed at www.lovepopcards.com/products/money-tree-birthday-card.

c. Plaintiff's Copyrighted Video showing the unfolding of its card bearing the French Flower Cart Copyrighted Design can be viewed at www.lovepopcards.com/products/french-flower-cart-3d-pop-up-love-card.

d. Plaintiff's Copyrighted Video showing the unfolding of its card bearing the Nativity Copyrighted Design can be viewed at www.lovepopcards.com/products/nativity-christmas-card.

e. Plaintiff's Copyrighted Video showing the unfolding of its card bearing the Santa Sleigh Copyrighted Design can be viewed at www.lovepopcards.com/products/santa-sleigh-christmas-card.

f. Plaintiff's Copyrighted Video showing the unfolding of its card bearing the Hanukkah Menorah Copyrighted Design can be viewed at www.lovepopcards.com/products/hanukkah-menorah-pop-up-card.

18.     LovePop has registered each of the Copyrighted Videos as a work of performing art with the U.S. Copyright Office under the following registration numbers:

| **LovePop Video Name** | **Copyright Registration No.** |
| --- | --- |
| Rose Bouquet Card Opening Video | PA0002033589 |
| Money Tree Card Opening Video | PA0002033586 |
| French Flower Cart Card Opening Video | PA0002033592 |
| Nativity Card Opening Video | PA0002033581 |
| Santa Sleigh Card Opening Video | PA0002033578 |

7

| LovePop Video Name | Copyright Registration No. |
|---|---|
| Hanukkah Menorah Card Opening Video | PA0002033579 |

(Attached hereto as Exhibit 3 are printouts from the U.S. Copyright Office's online public catalog showing the catalog entry for each of the Copyrighted Videos.)

19.     The Copyrighted Designs and Copyrighted Videos (collectively, the "Copyrighted Works") are comprised of wholly original works of visual or performing art owned exclusively by LovePop and constitute copyrightable subject matter under the laws of the United States.

Plaintiff's Trademark

20.     Since at least as early as February 2014, LovePop has used the mark LOVEPOP® in connection with its 3D pop-up greeting cards.

21.     LovePop is the owner of U.S. Trademark Registration No. 4,730,483 for the mark LOVEPOP in connection with, *inter alia*, "greeting cards, stationery, . . . and decorative paper sculptures."  (A copy of the Certificate of Registration for the mark LOVEPOP® is attached hereto as Exhibit 4.)  Registration No. 4,730,483 is valid and subsisting and therefore constitutes *prima facie* evidence of LovePop's exclusive right to use the mark.

22.     LovePop has used its LOVEPOP® mark prominently and consistently in connection with the promotion and sale of its 3D pop-up greeting cards.  As described above, LovePop's products have received widespread media coverage, in which the LOVEPOP® mark has been featured prominently.

23.     As a result of LovePop's extensive use and promotion, the LOVEPOP® mark is well known and widely associated with LovePop's products, and has acquired significant and valuable goodwill.

8

Defendant's Violation of Plaintiff's Copyrights

24.     Paper Pop distributes and sells 3D pop-up greeting cards.

25.     Paper Pop greeting cards are sold online on Paper Pop's website

www.paperpopcards.com.

26.     Paper Pop greeting cards can also be purchased at stationery, greeting card and

gift retail stores throughout the United States, including large retailers like Papyrus and Paper

Source.

27.     Among Paper Pop's assortment of 3D pop-up cards are 8 cards which contain

designs that are virtually identical or substantially similar to LovePop's Copyrighted Designs.

These 8 Paper Pop card designs are referred to collectively herein as the "Infringing Designs."

28.     Paper Pop is also displaying 6 videos which depict how cards bearing the first 6

of the Infringing Designs unfold and pop-up when opened. These 6 Paper Pop videos are referred

to collectively herein as the "Infringing Videos" and are all direct copies of LovePop's

Copyrighted Videos.

29.     Paper Pop is displaying cards bearing the first 6 of the Infringing Designs and the

corresponding Infringing Videos (together with the remaining two Infringing Designs, the

"Infringing Works") on its website www.paperpopcards.com.  (Attached hereto as Exhibit 5 are

print-outs from Paper Pop's website showing each of the Infringing Works currently displayed

there.)

30.     Photographs of the Infringing Designs are set forth below, together with the

webpages on Paper Pop's website where the Infringing Videos are being displayed, where

relevant:

B4680436.4

| Paper Pop Card Name | Paper Pop Infringing Design | Webpage Displaying Infringing Video |
|---|---|---|
| Roses |  | www.paperpopcards.com/cards/detail/118 |
| Money Tree |  | www.paperpopcards.com/cards/detail/104 |
| Flower Cart |  | www.paperpopcards.com/cards/detail/68 |
| Manger |  | www.paperpopcards.com/cards/detail/156 |

10

| **Paper Pop Card Name** | **Paper Pop Infringing Design** | **Webpage Displaying Infringing Video** |
|---|---|---|
| Santa Sleigh |  | www.paperpopcards.com/cards/detail/157 |
| Menorah |  | www.paperpopcards.com/cards/detail/102 |
| "Willow Tree" [no official name] |  | N/A |

| Paper Pop Card Name | Paper Pop Infringing Design | Webpage Displaying Infringing Video |
|---|---|---|
| "Balloon Bouquet" [no official name] |  | N/A |

31.     The Infringing Design and Infringing Video associated with Paper Pop's "Roses" card are virtually identical or substantially similar to the Copyrighted Design and Copyrighted Video associated with LovePop's "Rose Bouquet" card, respectively.

32.     The Infringing Design and Infringing Video associated with Paper Pop's "Money Tree" card are virtually identical or substantially similar to the Copyrighted Design and Copyrighted Video associated with LovePop's "Money Tree" card, respectively.

33.     The Infringing Design and Infringing Video associated with Paper Pop's "Flower Cart" card are virtually identical or substantially similar to the Copyrighted Design and Copyrighted Video associated with LovePop's "French Flower Cart" card, respectively.

34.     The Infringing Design and Infringing Video associated with Paper Pop's "Manger" card are virtually identical or substantially similar to the Copyrighted Design and Copyrighted Video associated with LovePop's "Nativity" card, respectively.

35.     The Infringing Design and Infringing Video for Paper Pop's called "Santa Sleigh" card are virtually identical or substantially similar to the Copyrighted Design and Copyrighted Video associated with LovePop's "Santa Sleigh" card, respectively.

36.     The Infringing Design and Infringing Video associated with the "Menorah" card are virtually identical or substantially similar to the Copyrighted Design and Copyright Video associated with LovePop's "Hanukkah Menorah" card, respectively.

12

37.     The Infringing Design associated with the "Willow Tree" card is virtually identical or substantially similar to the Copyrighted Design associated with LovePop's "Willow Tree" card.

38.     The Infringing Design associated with the "Balloon Bouquet" card is virtually identical or substantially similar to the Copyrighted Design associated with LovePop's "Balloon Bouquet" card.

39.     On information and belief, Paper Pop's infringing "Willow Tree" and "Balloon Bouquet" designs are new designs that are not yet displayed on Paper Pop's website.  Paper Pop's infringing "Willow Tree" and "Balloon Bouquet" designs are featured in a marketing email that Paper Pop distributed on May 9, 2017, a copy of which is attached hereto as Exhibit 6.

40.     Paper Pop intentionally and willfully copied the Copyrighted Works without LovePop's permission or consent.

41.     Paper Pop had direct access to the Copyrighted Works through LovePop's website, which displays cards bearing the Copyrighted Designs, together with their corresponding Copyrighted Videos.

42.     Paper Pop also had direct access to the Copyright Designs due to the availability of cards bearing those designs in specialty card stores and at LovePop kiosks in New York and Boston.

43.     There is a copyright notice on the back of all LovePop cards bearing the Copyrighted Designs.

44.     LovePop's website also contains a copyright notice on every webpage, including the webpages which display the Copyrighted Works.

45.     Upon information and belief, at the time that Defendant copied the Copyrighted Works and displayed and distributed the Infringing Works, it knew or should have known that the Copyrighted Works were protected by copyright.

46.     Upon information and belief, Paper Pop knew or should have known at all relevant times that LovePop owns all rights to the Copyrighted Works and that Paper Pop would need to obtain permission from LovePop to copy the Copyrighted Works and display and distribute the Infringing Works.  Paper Pop never made any effort to obtain such rights prior to copying the Copyrighted Works and displaying and distributing the Infringing Works.  Paper Pop intentionally usurped LovePop's rights in its Copyrighted Works.

47.     By letters dated December 1, 2016 and May 17, 2017, LovePop, through its counsel, advised Paper Pop that its copying of the Copyrighted Works and displaying and distributing the Infringing Works constituted copyright infringement and demanded that Paper Pop immediately cease such activity.

48.      Paper Pop has refused to comply with LovePop's demands.  Paper Pop continues to copy the Copyrighted Works and display and distribute the Infringing Works.

49.     On information and belief, Paper Pop began promoting and distributing cards bearing its infringing "Willow Tree" and "Balloon Bouquet" designs only after receiving LovePop's December 1, 2016 letter demanding that Paper Pop cease infringing LovePop's copyrighted designs.

50.     Paper Pop's purpose in copying LovePop's Copyrighted Works and displaying and distributing the Infringing Works is to obtain commercial benefit from such unauthorized use of LovePop's Copyrighted Works.

B4680436.4

Defendant's Violation of Plaintiff's Trademark

51.     Paper Pop has deliberately used LovePop's well-known and registered mark

LOVEPOP® in an attempt to trade on the goodwill embodied in that mark.

52.     Paper Pop has created a sub-page on its website that incorporates LovePop's

registered mark in the Uniform Resource Locator or "web address," in the form

http://www.paperpopcards.com/lovepop (the "Infringing URL").  The Infringing URL currently

leads to a "not found" error message, but, on information and belief, the page at one time

contained content related to Paper Pop's products.

53.     Paper Pop has purchased Internet advertisements through Google's AdWords

service that feature the Infringing URL – including LovePop's registered trademark – in the text

of the advertisement.  These advertisements appear before the organic search results when

Internet users search for Paper Pop cards in Google's search engine.  An image of an

advertisement featuring the Infringing URL appears below:

**Unique 3D Pop Up Cards - Lovely Paper Pop Up Cards**
[Ad] www.paperpopcards.com/lovepop ▾
Pop up cards for holidays, birthdays, weddings, graduations, & all occasions
Holiday Pop Up Cards · Seasonal Pop Up Cards · Birthday Pop Up Cards · Wedding Pop Up Cards

This advertisement is referred to herein as the "Infringing Advertisement."  (Attached hereto as

Exhibit 7 is a screen shot of a Google search results page in which the Infringing Advertisement

appears.)

54.     Paper Pop intentionally and willfully used LovePop's registered trademark,

without LovePop's consent, in an advertisement for Paper Pop's own products.

55.     Paper Pop's infringing use of the LOVEPOP® trademark is likely to cause

confusion in the marketplace, thereby harming consumers and diminishing the value of

LovePop's brand and mark.

15

56.    Upon information and belief, a consumer purchasing a Paper Pop product after viewing the Infringing Advertisement might mistakenly believe that Defendant's products are provided by, endorsed by, or otherwise associated with Plaintiff.

57.    Upon information and belief, as a result of Defendant's actions, consumers seeking 3D pop-up greeting cards of the quality indicated by the LOVEPOP® mark are likely to be diverted from LovePop to its competitor, Paper Pop, and are likely to be misled about the nature, characteristics, quality, source, or association of Defendant's products.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement in Violation of § 501 of the Copyright Act, 17 U.S.C. § 501

58.    LovePop realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

59.    LovePop enjoys exclusive rights with respect to the Copyrighted Works, including the exclusive right to reproduce, distribute, display, and create derivative works based on the same.

60.    Paper Pop is not authorized to reproduce, publish, distribute copies of, display, or prepare derivative works based on all or any portion of the Copyrighted Works.  Paper Pop has used the Copyrighted Works in the manufacturing, promoting, and selling of cards, and to advertise the same.  As illustrated above, Paper Pop's Infringing Works are virtually identical or substantially similar to the Copyrighted Works.

61.    Paper Pop is copying the Copyrighted Works and displaying and distributing infringing copies of those works without LovePop's consent or authorization.

62.    Paper Pop knows or has reason to know that: (i) the Copyrighted Works are protected by the Copyright Act; (ii) Paper Pop is not authorized to copy, or to display and distribute infringing copies of, the Copyrighted Works without LovePop's consent; (iii) Paper

16

Pop does not have LovePop's consent to copy, or to display and distribute infringing copies of, the Copyrighted Works; and (iv) Paper Pop's actions constitute copyright infringement under the Copyright Act.

63.     Paper Pop has knowingly and willfully engaged in unauthorized copying of LovePop's Copyrighted Works and displaying, distributing and/or selling infringing copies of those works with the intent to deprive LovePop of the revenues that it would have otherwise earned from selling cards bearing its Copyrighted Designs to others, and with the intent to wrongfully benefit from the labor and intellectual capital that LovePop invested in the creation of the Copyrighted Works.

64.     The natural and foreseeable result of Paper Pop's wrongful conduct has been and will continue to be to deprive LovePop of the benefits of selling cards bearing its Copyrighted Designs.  LovePop has lost and will continue to lose revenues from Paper Pop's continued unauthorized use of the Copyrighted Works, including without limitation, its distribution and sale of cards bearing the Infringing Designs, and has sustained and will continue to sustain damage as a result of Paper Pop's wrongful conduct.

65.     Paper Pop's conduct has caused LovePop to sustain money damages including but not limited to loss of sales.

66.     Paper Pop has been unjustly enriched by its wrongful use of LovePop's Copyrighted Works and infringements of those works.

67.     Paper Pop's unauthorized copying, reproducing, displaying, and use of the Copyrighted Works without consent or authorization constitutes copyright infringement pursuant to 17 U.S.C. § 101 *et seq*. because Paper Pop's goods and services incorporate unauthorized

B4680436.4

copies of the Copyrighted Works and/or derivative works.  Moreover, Paper Pop's Infringing

Works are virtually identical or substantially similar to the Copyrighted Works.

68.     Paper Pop had access to the Copyrighted Works by virtue of LovePop's website,

which displays the Copyrighted Works to the public, and because Paper Pop had the ability to

view and/or purchase cards bearing the Copyrighted Designs through LovePop's website,

specialty card stores and LovePop kiosks.

69.     LovePop has suffered and will continue to suffer irreparable harm as a result of

Paper Pop's activities.  Unless permanently enjoined, Paper Pop will continue to act in the

unlawful manner complained of herein, all to LovePop's irreparable harm.  LovePop's remedy at

law is not adequate to compensate it for the injuries suffered and threatened.

## SECOND CLAIM FOR RELIEF
## Infringement of Registered Trademark Under the Lanham Act, 15 U.S.C. § 1114(1)

70.     LovePop realleges and incorporates herein the allegations set forth in the

foregoing paragraphs of this Complaint.

71.     LovePop possesses valid and enforceable rights in the LOVEPOP® mark in

connection with all of the goods at issue in this case by virtue of its extensive use, registration,

promotion, and advertisement of the LOVEPOP® mark, and has possessed such rights at all

times material hereto.

72.     Paper Pop's unauthorized use of the LOVEPOP® mark in connection with its 3D

pop-up greeting cards constitutes a use in commerce of a reproduction, counterfeit, copy, or

colorable imitation of the trademark identified in U.S. Trademark Registration No. 4,730,483

that is likely to cause confusion, or to cause mistake, or to deceive.

B4680436.4

73.     Paper Pop's conduct is willful, intentional, deliberate, in bad faith, and undertaken with knowledge of LovePop's prior rights, and with full knowledge that Paper Pop has no right, license, or authority to use LovePop's registered trademark LOVEPOP®.

74.     Paper Pop's acts are intended to reap the benefit of the goodwill that LovePop has built up in its LOVEPOP® mark.  Paper Pop's acts constitute infringement of LovePop's federally registered trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l).

75.     LovePop has been, is now, and will be irreparably injured and damaged by Paper Pop's conduct as described above, and unless such conduct is enjoined by the Court, LovePop will suffer further harm to its registered trademark, reputation, and goodwill.  This harm constitutes an injury for which LovePop has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## Trademark Infringement, Unfair Competition, and False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a)

76.     LovePop realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

77.     Paper Pop's unauthorized use of the LOVEPOP® mark constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective goods, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and their respective goods.

B4680436.4

78.     Paper Pop's conduct is willful, intentional, deliberate, in bad faith, and undertaken with knowledge of LovePop's prior rights, and with full knowledge that Paper Pop has no right, license, or authority to use LovePop's LOVEPOP® mark.

79.     Paper Pop's acts are intended to reap the benefit of the goodwill that LovePop has built up in its LOVEPOP® mark.  Paper Pop's acts constitute infringement of LovePop's trademark, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     LovePop has been, is now, and will be irreparably injured and damaged by Paper Pop's conduct as described above, and unless such conduct is enjoined by the Court, LovePop will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which LovePop has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## Common Law Trademark Infringement and Unfair Competition

81.     LovePop realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

82.     LovePop and Paper Pop are competitors in the same business of designing, producing, and selling 3D pop-up greeting cards.

83.     Both LovePop and Paper Pop are engaged in trade and commerce throughout the United States and in the Commonwealth of Massachusetts.

84.     Paper Pop's unauthorized use of LovePop's registered LOVEPOP® mark is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers and constitutes common law trademark infringement and unfair competition under the common law of the Commonwealth of Massachusetts.

20

85.     LovePop has been, is now, and will be irreparably injured and damaged by Paper Pop's conduct as described above, and unless such conduct is enjoined by the Court, LovePop will suffer further harm to its trademark, reputation, and goodwill.  This harm constitutes an injury for which LovePop has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     Enter judgment in favor of Plaintiff on all counts;

2.     Enter a permanent injunction restraining Defendant and its officers, directors, employees, agents, affiliates, successors, assigns, licensees, and all those in privity or acting in concert with them:

    a.   From reproducing, making derivative works of, distributing, or displaying the Copyrighted Works or any substantially similar materials, including the Infringing Works, pursuant to 17 U.S.C. § 502;

    b.   From in any way using, displaying, advertising, copying, imitating, or infringing upon LovePop's LOVEPOP® mark or confusingly similar variations thereof;

    c.   From using or displaying the LOVEPOP® mark or confusingly similar variations thereof on or in connection with any products or in any written, oral, or audiovisual advertisements, displays, signs, sales promotions, the Internet, or in any other public communication in connection with Paper Pop's goods or services;

    d.   From otherwise infringing upon LovePop's LOVEPOP® mark;

    e.   From otherwise unfairly competing with LovePop;

3.     Order that Defendant be required to deliver up for destruction all materials in its possession, custody or control, or the possession, custody or control of any of its agents or

B4680436.4

representatives, embodying or displaying the Copyrighted Works, including without limitation all unsold inventory of cards bearing the Infringing Designs, and all pictures, promotional materials, and online materials, including removing the Infringing Works from Paper Pop's website and Paper's Pop's social media webpages, pursuant to 17 U.S.C. § 503;

4.     Order that Defendant pay Plaintiff its actual damages, plus the amount of Defendant's profits attributable to the infringing conduct alleged herein, pursuant to 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and other applicable law, or in the alternative to actual damages under 17 U.S.C. § 504(b), to pay Plaintiff statutory damages, as authorized by 17 U.S.C. § 504(c);

5.     Order that Defendant pay Plaintiff enhanced damages as provided by 15 U.S.C. § 1117 and other applicable law;

6.     Order that Defendant pay Plaintiff, as the prevailing party, reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and other applicable law;

7.     Order that Defendant pay Plaintiff pre-judgment interest on Plaintiff's damages;

8.     Grant such other and further relief as is just and proper.

B4680436.4

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all claims so triable.

Dated:  June 1, 2017                          FOLEY HOAG LLP

*/s/ Neil Austin*
Neil Austin (BBO #657204)
   *naustin@foleyhoag.com*
Jenevieve J. Maerker (BBO #670266)
   *jmaerker@foleyhoag.com*
155 Seaport Boulevard
Boston, MA 02210
Tel:  (617) 832-1000; Fax (617) 832-7000

Natasha N. Reed*
   *nreed@foleyhoag.com*
1540 Broadway, 23rd Floor
New York, New York 10036
Tel:  (646) 927-5500; Fax (646) 927-5599

*Attorneys for Plaintiff*

* Motion for admission *pro hac vice* forthcoming

B4680436.4