UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOVEPOP, INC.,<br><br>    Plaintiff,<br><br>              v.<br><br>PAPERPOPCARDS INC.,<br><br>    Defendant. | Civil Action No. 1:17-cv-11017-PBS |

## AMENDED JOINT STATEMENT OF THE PARTIES PURSUANT TO L.R. 16.1

Pursuant to Fed. R. Civ. P. 16 and 26, Local Rule 16.1, and the Court's Order dated September 12, 2017, counsel for Plaintiff LovePop, Inc. ("Lovepop") and Defendant PaperPopCards Inc. ("Paper Pop") hereby respectfully submit the following Amended Joint Statement.

## I.   SUMMARY OF THE ACTION

Lovepop and Paper Pop are both in the business of producing three-dimensional greeting cards.  Lovepop has brought claims against Paper Pop for alleged infringement of the copyright in certain of its card designs and in certain associated videos, and for alleged infringement of Lovepop's trademark (and related causes of action) through the use of Lovepop's LOVEPOP® mark in online advertisements.  Lovepop seeks damages and injunctive relief.

On September 12, 2017, the Court denied Paper Pop's motion to dismiss Lovepop's copyright infringement claims (Count I of the Complaint) with respect to the Santa Sleigh, Rose Bouquet, and Money Tree card designs in suit, and took the motion under advisement with respect to the remaining asserted card designs and videos in suit.  The Court also ordered Love Pop to file an amended Complaint by September 19, 2017, the parties to submit this Amended

Joint Statement by September 19, 2017, and the parties to mediation in mid-November 2017.

II.     PROPOSED PRETRIAL SCHEDULE

The parties propose the following schedule for pleadings, discovery, and motions:

| Event | Proposed Schedule |
|---|---|
| Discovery opens | Already open |
| Lovepop's Amended Complaint | September 19, 2017 |
| Paper Pop's Answer due | October 3, 2017 |
| Parties' Rule 26(a) Initial Disclosures due | October 3, 2017 |
| Parties to jointly select mediator.  If parties unable to agree on the mediator, parties to submit name of one mediator each to Court for Court to select mediator | October 10, 2017 |
| If applicable, Lovepop's Answer to Counterclaims due | October 24, 2017 |
| If applicable, Parties' Supplemental Rule 26(a) Initial Disclosures based on Counterclaims | October 24, 2017 |
| Mediation | Mid-November 2017 |
| Fact discovery closes | February 14, 2018 |
| Initial expert reports on issues as to which party bears the burden of proof due | February 28, 2018 |
| Summary judgment motions due | March 14, 2018 |
| Rebuttal expert reports due | March 21, 2018 |
| Oppositions to summary judgment motions due | April 4, 2018 |
| Expert discovery closes (expert depositions completed by) | April 11, 2018 |
| Summary judgment replies due | April 18, 2018 |
| Final pretrial conference | July 16, 2018 |
| Trial to commence | July/August 2018 at Court's convenience |

III.     PROPOSED DISCOVERY PLAN

A.  Rule 26(a) Disclosures

The parties do not stipulate to any variance from the requirements of Rule 26(a), except

as to timing.  Neither side has yet served initial disclosures, and the parties propose to exchange

initial disclosures as specified in Section II, above.

B.  Subjects of Discovery

The parties anticipate that discovery may be needed on the following subjects:[1] (i) each

party's card designs and process for creating card designs; (ii) the originality of each party's card

designs, including evidence about public domain or third-party representations of similar subject

matter; (iii) each party's awareness/discussion of the other party's and third parties' card designs;

(iv) each party's copyrights and trademarks; (v) the timing of the design, manufacture, and sale

of each party's cards; (vi) each party's advertising practices, including online; (vii) each party's

revenues, costs, and profits for the card designs and trademarks at issue; (viii) communications

between the parties and/or with third parties concerning three dimensional greeting cards and

card designs, (ix) the motivation behind Lovepop's lawsuit, including Lovepop's non-privileged,

pre-suit communications relating to its decision to bring this lawsuit and the timing of same[2];

(x) Lovepop's alleged ownership of the asserted copyrights and the chain of title relating to

same; and (xi) related issues.  The parties anticipate taking expert discovery as well as fact

discovery, and propose that discovery be scheduled as set forth in Section II, above.

---

[1] Neither party waives any objection it may have to the subjects included in this list or the scope of discovery to be permitted in this case.

[2] Without waiving any objections it may have to the other subjects included in this list, Lovepop notes that it does not believe that its "motivation" for filing suit is in any way relevant to the claims at issue.

C. <u>Electronically Stored Information</u>

The parties have taken steps to preserve relevant and discoverable information, including electronically stored information ("ESI").  The parties intend to confer regarding an agreed protocol for production of ESI.

D. <u>Protective Order</u>

The parties agree that discovery in this case should take place under a protective order that provides for proper treatment of confidential information and provides that privilege is not waived by inadvertent production of privileged material.  The parties intend to submit a stipulated protective order to the Court and to request that it be entered as an order.  Until such time as the Court adopts a protective order, documents and information that either party in good faith believes are confidential may be produced with the designation "Confidential Pursuant to the Court's Default PO," and until such a time as the designation is altered or removed by the parties' agreement or by court order, a so-designated document may only be accessed by the parties' outside counsel and the court and their personnel.

E. <u>Discovery Limitations</u>

<u>Requests for Admission</u>.  The parties agree that each side may serve up to 75 Requests for Admission, provided that no more than 25 Requests for Admission are directed to subjects other than the authentication of documents.

<u>Email</u>.  General ESI production requests under Federal Rules of Civil Procedure shall not include email or other forms of electronic correspondence such as text messages, instant messages, chats, etc. (collectively, "email").  To obtain email, parties must propound specific "email production requests."  Each party shall have two sets of email production requests (in addition to the two sets of requests for production provided for in the Local Rules).  The parties

B4739411.1

will specify the detailed parameters of the email production requests as part of their protocol for production of ESI to be submitted later in this case.

  <u>Other Limitations</u>.  The parties do not request any other changes to the standard discovery event limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

  F. <u>Service</u>

  The parties have agreed that service of papers not filed with the Court may be accomplished by electronic means.  Service is deemed to have occurred on the same date so long as the document is electronically served on or before 6 p.m. EST on that date.

IV. <u>TRIAL BY MAGISTRATE JUDGE</u>

  The parties do not consent to trial by a magistrate judge.

V. <u>SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION</u>

  Pursuant to Local Rule 16.1(c), Lovepop provided Paper Pop with a written settlement proposal on August 29, 2017, 14 days prior to the September 12, 2017 hearing and scheduling conference.  The parties are engaged in settlement discussions and believe that participation in the Court-sponsored mediation program described in Local Rule 16.4(c)(2) may be beneficial in resolving the dispute between the parties.  As discussed at the September 12, 2017 scheduling conference, the Court will refer the parties to the Court-sponsored mediation program, with the goal of conducting mediation in mid-November 2017.

VI. <u>CERTIFICATIONS</u>

  The parties have separately filed their certifications pursuant to Local Rule 16.1(d)(3).

B4739411.1

Dated: September 19, 2017

| | |
|---|---|
| */s/Joshua D. Curry* | */s/Natasha N. Reed* |
| William M. Gantz (BBO #568429) | Neil Austin (BBO #657204) |
|   *bill.gantz@dentons.com* |   *naustin@foleyhoag.com* |
| DENTONS US LLP | Jenevieve J. Maerker (BBO #670266) |
| 101 Federal Street, Suite 2750 |   *jmaerker@foleyhoag.com* |
| Boston, MA 02110-1873 | FOLEY HOAG LLP |
| Tel: (617) 235-6800; Fax: (617) 235-6899 | 155 Seaport Boulevard |
| | Boston, MA 02210-2600 |
| Mark C. Nelson (*pro hac vice*) | Tel: (617) 832-1000; Fax: (617) 832-7000 |
|   *mark.nelson@dentons.com* | |
| DENTONS US LLP | Natasha N. Reed (*pro hac vice*) |
| 2000 McKinney Avenue, Ste. 1900 |   *nreed@foleyhoag.com* |
| Dallas, TX 75201-1858 | FOLEY HOAG LLP |
| Tel: (214) 259-0900; Fax: (214) 259-0910 | 1540 Broadway, 23rd Floor |
| | New York, New York 10036 |
| Joshua D. Curry (*pro hac vice*) | Tel: (646) 927-5500; Fax: (646) 927-5599 |
|   *josh.curry@dentons.com* | |
| DENTONS US LLP | *Attorneys for Plaintiff* |
| 303 Peachtree Street, N.E., Ste. 5300 | |
| Atlanta, GA 30308 | |
| Tel: (404) 527-4000 | |
| | |
| *Attorneys for Defendant* | |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                            */s/Joshua D. Curry*

B4739411.1