```
                    United States District Court
                      District of Massachusetts
 _____
                               )
LOVEPOP, INC.,                 )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    17-11017-NMG
PAPER POP CARDS, INC.,         )
                               )
        Defendant.             )
                               )
PAPER POP CARDS, INC.,         )
                               )
        Counter Claimant,      )
                               )
        v.                     )
                               )
LOVEPOP, INC.,                 )
                               )
        Counter Defendant.     )
 _____)
```

**ORDER**

GORTON, J.

I.  Background

This case involves claims for, among other things, copyright and trademark infringement in which LovePop, Inc. ("LovePop" or "plaintiff") asserts that Paper Pop Cards, Inc. ("Paper Pop" or "defendant") unlawfully copied the designs of some of its three-dimensional, pop-up greeting cards. Paper Pop counterclaims, in turn, for like-kind infringement as well as various common law torts. Paper Pop submits that it could not possibly have infringed LovePop's copyrights or trademarks

-1-

because it possesses documents and photographs that demonstrate it created the disputed card designs first.

LovePop responds that the purported evidence was fraudulently produced by Paper Pop and thus not only impugns Paper Pop's defense but also bolsters its claim of infringement. LovePop avers that defendant manipulated the documents' metadata to make it appear as though the subject documents were created before LovePop's designs.

In support of its fabrication theory, plaintiff proffers James Berriman as an expert in e-discovery and metadata. He purportedly will 1) explain generally what metadata is and how it works, 2) show why some of defendant's documents could not possibly have been created at the time suggested because the relevant software was not yet available and 3) demonstrate how a document's metadata can be manipulated to produce a false date of creation without any evidence of tampering. Paper Pop repudiates LovePop's fabrication theory as unfounded and proffers the testimony of Laurence Lieb to rebut Mr. Berriman's conclusions.

Pending before the Court are the parties' conflicting motions to exclude testimony of their opponent's expert witnesses (Docket No. 122 and 142) as well as plaintiff's motion for sanctions (Docket No. 112) all of which are related to defendant's alleged fabrication of evidence.

## II. Motions to Exclude Expert Testimony

### A. Legal Standard

The admission of expert evidence is governed by Fed. R. Evid. 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny. See United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002). Rule 702 charges a district court with determining whether: 1) "scientific, technical, or other specialized knowledge will assist the trier of fact," 2) the expert is qualified "by knowledge, skill, experience, training, or education" to testify on that subject, and 3) the expert's proposed testimony a) is based upon "sufficient facts or data," b) is the product of "reliable principles and methods" and c) "applies the principles and methods reliably to the facts of the case".

The Court must be vigilant in exercising its gatekeeper role because an expert's testimony may be given substantial weight by the jury due to the expert's status, see Daubert, 509 U.S. at 595, but the Court must keep in mind that

> vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

Id. at 596. If an expert's testimony is within "the range where experts might reasonably differ", the jury, not the trial court,

should be the one to decide among the conflicting views of different experts. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

**B.  Parties' Arguments**

Paper Pop claims that Mr. Berriman should be precluded from testifying as an expert witness because his opinions and conclusions 1) are not the result of forensic analysis or technical or specialized knowledge, 2) have not been adequately tested with respect to the authenticity of defendant's documents, 3) constitute impermissible speculation because of an insufficient evidentiary foundation and are therefore fundamentally unreliable.  A test run by Paper Pop's expert, Mr. Lieb, purportedly demonstrates that Mr. Berriman's theory of "backdating" documents without leaving evidence of such tampering is actually impossible and therefore Mr. Berriman's process was faulty.

Not only does LovePop oppose the motion to exclude its expert witness, it counters that Mr. Lieb should be precluded from testifying as a rebuttal expert because 1) he does not actually disagree with many of Mr. Berriman's conclusions as to the metadata at issue and how it can be manipulated, 2) he does not understand the concept of metadata manipulation, 3) he made substantial errors in reporting metadata in his expert report by use of unreliable methodology and 4) the test he ran to prove

-4-

the authenticity of defendant's documents did not even address his opposing expert's hypothesis.

**C.  Application**

After review of the extensive briefing on the cross-motions to exclude, the Court concludes that both Messrs. Berriman and Lieb should be permitted to testify as experts.  In the first instance, both witnesses are qualified as experts based on their experience with and technical and specialized knowledge of e-discovery issues and metadata.  Their explanation of what metadata is and how it works will assist lay jurors.

With respect to the substance of the purported expert testimony, the Court finds that the parties' objections to the methodologies, opinions and conclusions of their opposing experts go to their credibility and to the weight to be afforded to their testimony.  Such matters are appropriately left to the jury to resolve. Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007); Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) ("[I]t is a matter for the jury to resolve any inconsistencies in expert testimony.").

Mr. Berriman refers to a sufficient evidentiary foundation to support his fabrication theory, namely the discrepancies between the dates of certain allegedly falsified documents and the date when the relevant software for the creation of those documents was available. See Damon v. Sun Co., Inc., 87 F.3d

1467, 1474-75 (1st Cir. 1996). Mr. Lieb may offer an analysis to rebut that theory. Any issues with respect to the reliability of the methods and analysis of the respective experts are not so fundamental as to render their testimony inadmissible and those issues may be vigorously challenged on cross examination. Compare WBIP, LLC v. Kohler Co., 965 F. Supp. 2d 170, 173 (D. Mass. 2013), with United States v. Candelario-Santana, 916 F. Supp. 2d 191, 204-05 (D.P.R. 2013).

**ORDER**

The motions to exclude one another's expert witnesses (Docket No. 122 and 142) are, therefore, **DENIED**. Because plaintiff's motion for sanctions depends upon a finding that defendant, in fact, falsified evidence, which is an issue that will be addressed at trial, it will be **DENIED** without prejudice.

**So ordered.**

    /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated January 29, 2019